**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**htoUNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF
AMERICA,

     Plaintiff-Appellee,

  v.

GWEN BERGMAN,

     Defendant-Appellant.

No. 05-1039

(D. Colorado)
(D.C. No. 04-CR-00180-WDM)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **LUCERO,** and **McCONNELL**, Circuit Judges.

Gwen Bergman pleaded guilty to a two count-information alleging: (1)

a violation of the Travel Act, 18 U.S.C. § 1952(a)(1) and (3); and (2) that

property derived from the Travel Act violation, including $29,000.00 in

United States currency and a United States Postal Order in the amount of

$1,000, should be forfeited to the government pursuant to 18 U.S.C. §§ 982,

1956(c)(7), 1961(1), and 28 U.S.C. § 2461(c).  The government's

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an
order and judgment may be cited under the terms and conditions of the 10th
Cir. R. 36.3.

allegations arise out of Ms. Bergman's payment of $30,000 to an undercover law enforcement agent (posing as a "hit man") to murder her ex-husband. The district court sentenced her to five years' imprisonment, followed by three years' supervised release.

Ms. Bergman appealed her conviction and sentence, and her counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Her counsel stated that Ms. Bergman did not wish to challenge her convictions and that, as to her sentences, the issues that could be raised on appeal had no merit.

Ms. Bergman then filed a pro se supplemental brief challenging her conviction. Her counsel and the government subsequently filed supplemental briefs addressing her strongest argument: that she had not admitted facts sufficient to establish a violation 18 U.S.C. § 1952(a)(1) and (3). The government contested Ms. Bergman's assertion, see Aple's Supp. Br. filed Apr. 28, 2006, at 5 (stating that "Bergman's admitted conduct was covered by the Travel Act"). However, three days before the scheduled oral argument in this appeal, the government confessed error, stating that "[u]pon further review of the parties' briefs and the facts in the record, [it] [had] concluded that the facts as admitted in the plea agreement do not satisfy the elements for the Travel Act violation to which Bergman pled guilty" and that "Bergman's conviction should be vacated, the plea

nullified, and the matter remanded to the district court for further proceedings." Aple's Mtn. to Vacate Oral Argument and to Remand to the District Court for Further Proceedings, filed July 25, 2006, at 2.

We agree with the government's current position. The facts admitted by Ms. Bergman do not establish that the $30,000 paid to the undercover officer constituted "proceeds of any unlawful activity," see 18 U.S.C. §§ 1952(a)(1), 1956, or "criminally derived property," see 18 U.S.C. § 1957(a). Because the forfeiture charge is based upon the Travel Act violations, it too should be overturned.

Accordingly, we VACATE Ms. Bergman's plea agreement, convictions, and sentences, and REMAND the case to the district court for further proceedings consistent with this order and judgment. In light of the disposition of this appeal, we DENY the parties' pending motions as moot [1]

Entered for the Court,

Robert Henry
Circuit Judge

---

[1] We appreciate the government's eleventh-hour concession. However, in order to avoid the needless expenditure of the resources of the court and opposing counsel, we urge that in future cases it should arrive at its final position in a more timely manner.